United States District Court
Southern District of Texas
**ENTERED**
March 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| V. § | CASE NO.: **1:19-MJ-359-01** |
| **Eric Adam Swede Hill** § | |

## ORDER SETTING CONDITIONS OF RELEASE

On **March 25, 2019**, a detention hearing was held before this Court. At the hearing, both Government and Defendant presented their evidence.

This Court has listened to both parties' arguments, and in light of the record and the requirements of 18 U.S.C. §3142, is of the opinion that a **$75,000.00 bond, with $7,500.00 deposit**, would reasonably assure the appearance of Defendant at trial and that such a bond is not unreasonable under the provisions of the Bail Reform Act and the facts in this case.

It is therefore ORDERED that Defendant be released upon posting a **$75,000.00 bond, with $7,500.00** deposit, with the following conditions:

(1) U.S. Pretrial Agency supervision in the Eastern District of Texas, Plano Division;

(2) maintain/seek employment and provide proof to U.S. Probation Office;

(3) surrender passport/not obtain a passport or international travel document;

(4) travel to be restricted to Collin County, Texas, for residential purposes with permission to travel to Cameron County, Texas for court related matters; No international travel;

(5) surrender flying certificate;

(6) defendant shall not serve as a pilot and/or book, reserve, or hire an airplane;

(7) avoid contact any with person who is or may become a potential victim in the investigation or prosecution of this case, including any co-defendants;

(8) refrain from possessing a firearm, destructive device, or other dangerous weapons. Any weapons in residence shall be removed prior to release of defendant;

(9) refrain from any use of alcohol;

(10) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC 802, unless prescribed by a licensed medical practitioner;

(11) submit to alcohol/drug testing as directed by the U.S. Probation Office;

(12) participate in anger management classes as directed by the U.S. Probation Office;

(13) participate in a program of inpatient/outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer;

(14) shall consent to be monitored by the form of location monitoring indicated below and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and the U.S. Probation Office. **RF Monitoring.** The form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release. **HOME DETENTION**: Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations or other activities as pre-approved by the officer;

(15) report as soon as possible to the U.S. Probation Office of any contact with law enforcement.

Until such time that the defendant meets the conditions set above for bond, the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the

3

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done at Brownsville, Texas, this **25th** day of **March, 2019**.

_____
Ronald G. Morgan
United States Magistrate Judge